**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| YU-YI CHIEN                                       * | |
| 1600 S. Joyce St., Apt. #608 | |
| Arlington, Virginia 22202-5112         *      Civil Action No.: | |
| | |
| Petitioner,                     * | |
| | |
| -vs-                                                    * | |
| | |
| THE GEORGE WASHINGTON      * | |
| UNIVERSITY | |
| 2100 Pennsylvania Avenue, NW     * | |
| Suite #250 | |
| Washington, DC 20052                    * | |
| | |
| Respondent.                  * | |

## PETITION FOR WRIT OF MANDAMUS TO COMPEL
## RE-ADMISSION TO UINVERSITY

Petitioner alleges:

1.  Petitioner, Yu-Yi Chien ("Ms. Chien" and "Petitioner"), is an individual with a mailing address of 1600 S. Joyce Street, Apt.# 608, Arlington, Virginia 22202-5112; respondent The George Washington University ("Respondent" and "University") and the George Washington University School of Education and Human Development ("Respondent" and "Graduate School") is a private accredited institution of higher education with a mailing address of 2100 Pennsylvania Avenue, N.W., Suite #250 Washington, DC 20052.

2.  This Court has jurisdiction over Ms. Chien's federal law claims pursuant to 28 U.S.C. § 1331, and 1332, which provides that the federal courts have original

jurisdiction all actions that arise under the Constitution or under the laws of the United States of America.  Ms. Chien alleges an improper removal from the University Graduate School program.

       3.       In September 2002, Petitioner entered into the George Washington University as a student in the institution, and on or about September 3, 2005, petitioner was duly admitted by respondent as a student in the institution in the George Washington University School of Education and Human Development at the university; and for a period of two years, petitioner continued as a student of that department.

       4.       The respondent advised petitioner that she failed to make acceptable progress in her efforts to defend the dissertation in order to graduate with a doctorate degree and dismissed her from the program.  The resolution declared that petitioner had been dropped as a student at the university and would be denied re-admission on the purported ground that there were certain deficiencies in petitioner's work at the university, and the further purported ground that petitioner had committed certain acts of insubordination toward respondent's faculty.  A copy of the decision not to readmit is attached, marked Exhibit 1, and made part of this petitioner by reference.

       5.       The above-mentioned decision was sustained by the respondent with an inadequate opportunity for petitioner to receive a formal hearing, in violation of petitioner's rights under the protocol of the University's policy and procedures.

       6.       Petitioner at no time has violated any rule or regulation of the university.  Furthermore, petitioner grade-point average during her term as a student at the University was 3.76, which is sufficient to permit petitioner's re-admission to university under the rules and regulations of university, specifically; reference to the 2003 Doctoral Handbook

(Graduate School of Education and Human Development, Phase 2: Candidacy, Academic Requirements pg. 15), indicates the minimum GPA to maintain admission in the university.

7.    Petitioner stood ready to tender all fees for re-admission to the university and prepared to complete all registration papers, and in all other respects petitioner has performed, or is willing and able to perform, all other conditions precedent to re-admission to university.

8.    Petitioner has no adequate remedy at law in that it is impossible to calculate with any degree of certainty the amount of monetary damages petitioner has incurred as a result of the acts of respondents.

WHEREFORE, petitioner requests that:

1. A writ of mandamus be issued by this court directed to respondents of The George Washington University, commanding them to accept registration fees, forms, and papers from petitioner and to admit petitioner as a student in the School of Education and Human Development of the university, and further commanding them to rescind and annul the above-mentioned decision by the university;

2. Such further order or orders incident to the above, as may be necessary to insure compliance, may be issued by the court;

3. Citations issue to each of the respondents commanding them to appear before this court on a day certain and show cause, if any they have, why the request for relief of this petition should not be granted;

4. Petitioner recover costs, as fixed by the clerk of this court, from the respondents; and

5. Petitioner has such other and further relief as to the court may sem proper.

Respectfully Submitted,

_____
Aaron G. Durden, #492021
10 West Monument Avenue
Dayton, Ohio 45402
(937) 461-9400
Attorney for Petitioner/
Yu-Yi Chien

THE GEORGE
WASHINGTON
UN I VE RS I TY          ASSOCIATE VICE PRESIDENT FOR GRADUATE STUDIES
W A S H I N G T 0 N D C     AND ACADEMIC AFFAIRS

April 9, 2007

Yu-Yi Grace Chien
1600 South Joyce Street, #608
Arlington, VA 22202
GraceChienGWU@hotmail.com

Dear Ms. Chien,

We have received your appeal of March 23, 2007, asking to be reinstated to the doctoral program in Educational Administration and Policy Studies, along with the accompanying materials. We have reviewed the material carefully and have gathered additional information from relevant administrators and faculty within the Graduate School of Education and Human Development.

Let us first explain that it is the responsibility of the schools and colleges of the University to establish and apply academic standards in evaluating the work of students The decision to terminate you due to insufficient progress on your dissertation proposal was an academic decision made by the faculty members who served on your dissertation committee, in conjunction with the dean's office. Academic Affairs cannot and will not reverse their academic decision and declare that you 4j produce an acceptable dissertation proposal. Rather, our role is to review the process within the School to ensure that GSEHD followed its policies in your case and treated you fairly in comparison with other students in like circumstances. We have concluded that you have been treated fairly and that there is no basis for our requesting a reconsideration of the School's decision.

Let us now clarify some points relevant to our decision. According to the GSEHD Doctoral Handbook, a student should be developing a dissertation proposal while taking the Predissertation Seminar (which you took in Spring 2005) and should generally take one or two semesters to complete it. It is apparent that you had still not produced an acceptable proposal after at least 4 semesters of concentrated work and showed insufficient evidence that you were benefiting from the extensive guidance your committee provided and would produce an acceptable proposal with further wàrk.

The manual also states the following: "To move successfully through the dissertation process, you must take responsibility to meet deadlines agreed upon with your committee and deadlines set by the school for defense of the dissertation and graduation" Our investigation indicates that in other instances in which students are failing to make acceptable progress, the School has also asked them to sign an agreement to clarify

8oi 22ND STREET, NW • SUITE 412 WASHINGTON, DC 20052 • 202-994-0511 • FAX 202-994-0541
EMAIL carol@gwu.edu WEB www.gwu.edu/—osai

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**
YU-YI CHIEN

**DEFENDANTS**
GEORGE WASHINGTON UNIVERSITY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Arlington
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Aaron G. Durden & Co., L.P.A.
10 West Monument Avenue
Dayton, Ohio 45402
(937) 461-9400

Case: 1:08-cv-00486
Assigned To : Urbina, Ricardo M.
Assign. Date : 3/21/2008
Description: Contract

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ● 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ☒ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. Section 1331, & 1332 - Improper removal from the Graduate Program to Prohibit Plaintiff from obtaining a Degree in the Doctoral Program

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 1,500,000.00    Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE March 20, 2008    SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.