UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YU-YI CHIEN                        *

       Petitioner,              *       Civil Action No.: 08-486-RMU

-vs-                                *

THE GEORGE WASHINGTON               *
UNIVERSITY

       Respondent.              *

## PETITION'S RESPONSE TO MOTION TO DISMISS

The Petitioner' Yu-Yi Chien, by and through legal counsel hereby responds to the Respondent's, George Washington University, and contends no basis for dismissal of the case exists. In support of her motion, Petitioner states the following:

### Summary of Case and Background

The Petitioner' Yu-Yi Chien, filed this action seeking redress for an improper removal from the University Graduate School program at the George Washington University. In September 2002, Petitioner entered into the George Washington University as a student in the institution, and on or about September 3, 2005, petitioner was duly admitted by respondent as a student in the institution in the George Washington University School of Education and Human Development at the university. After a period of two years, Petitioner was told by the Respondent that due to her failure to make acceptable progress towards the dissertation, she is going to be dismissed from the doctoral program.

The dismissal claimed Petitioner engaged in certain acts of insubordination toward respondent's faculty, as well as an inability to further the dissertation process. Yet, no formal hearing, or other measure to properly determine Petitioner's progress occurred consistent with the Respondent's own policy and procedures.

The Petitioner received no notification she violated any policy, procedure, and/or rule as a graduate student, and maintained a GPA of 3.76, while attending the Respondent's university. The denial of readmission fails to acknowledge the success of Petitioner in her past efforts, and ability to maintain the minimum standards established in the reference to the 2003 *Graduate School of Education and Human Development, Phase 2: Candidacy, Dissertation Research Proposal: Plan for Adding to Knowledge at pg. 18.*

## Argument

The Respondent's reliance upon *Browning v. Clinton, 352 U.S. App. D.C. 4, 292 F.3d 235, 242 (D.C. Cir. 2002),* misstates the issue of the legal sufficiency test for a *Rule 12(b)(6),* dismissal concerning a complaint.. The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams, 358 U.S. App. D.C. 295, 348 F.3d 1033, 1040 (D.C. Cir. 2003)* (citing *FED. R. CIV. P. 8(a)(2)* and *Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957))*. "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley, 355 U.S. at 47-48* (internal quotation marks omitted). It is not necessary for the plaintiff to plead all

elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A., 534 U.S. 506, 511-14, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)*, or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely, 341 U.S. App. D.C. 163, 211 F.3d 134, 136 (D.C. Cir. 2000)* (internal quotation marks and citation omitted).

The Petitioner accepts the responsibility to establish a plausible entitlement to relief by setting forth facts consistent with the allegations. See *Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1967, 1969, 167 L. Ed. 2d 929 (2007)* (abrogating the oft-quoted language from *Conley, 355 U.S. at 45-46*, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim would entitle him to relief"). While these facts must "possess enough left to 'show that the pleader is entitled to relief, the complaint need not show detailed factual allegations. *Id. at 1964, 1966*.

In resolving a *Rule 12(b)(6)* motion, the court must treat the complaint's factual allegations -- including mixed questions of law and fact -- as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States, 357 U.S. App. D.C. 223, 334 F.3d 61, 64, 67 (D.C. Cir. 2003)*; *Holy Land Found, for Relief & Dev. v. Ashcroft, 357 U.S. App. D.C. 35, 333 F.3d 156, 165 (D.C. Cir. 2003)*; *Browning, 292 F.3d at 242*. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. See *Warren v. District of Columbia, 359 U.S. App. D.C. 179, 353 F.3d 36, 40 (D.C. Cir. 2004)*; *Browning, 292 F.3d at 242*. An attack of a complaint by a *Fed. R. Civ. P. 12(b)(6)* motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, and mere factual allegations must be enough to raise a right to relief above the speculative level. See *Bell Atlanta Corporation, et al., v. Willimam Twonbly*, *et al.*, 27 S. Ct. 1955; 167 L. Ed. 2d 929 (2007)

### **Standard of Mandamus**

This court recognized judicial deference when school officials determine a student has not performed adequately to meet its academic standards. *See Kraft v. W. Alanson White Psychiatric Found., 498 A.2d 1145, 1149 (D.C. 1985)* (citing *Board of Curators of the Univ. of Mo. v. Horowitz, 435 U.S. 78, 89-90, 55 L. Ed. 2d 124, 98 S. Ct. 948 (1978)).* Though, summary judgment shall not be appropriate when issues of motive or intent are material. See *Glekas v. Boss & Phelps, Inc., 437 A.2d 584, 587 (D.C. 1981)*

This "judicial reluctance to intervene" is based upon "sound considerations of public policy." *Olsson v. Board of Higher Ed., 49 N.Y.2d 408, 402 N.E.2d 1150, 1153, 426 N.Y.S.2d 248 (N.Y. 1980).*

The Court in the *Alden* case made an analysis his poor academic performance during his third year also provided a basis for his dismissal and certainly put him on notice that any further academic difficulties could potentially prevent him from graduating from Georgetown. *Alden, supra.* Mr. Alden had come before the scrutiny of the Committee on Students, which in the fall of 1991 placed him on a remedial clerkship in medicine. *Alden, at 1110.* After a second remedial clerkship in January 1992 an issue of the completion of Alden's graduation remained uncertain. *Alden, at 1110.*

The *Alden* Court found that the Plaintiff received a fair and impartial hearing on his grievance, as he was given two separate opportunities to present his case, once before

the Committee on Students, and once before the Committee on Student Appeals. *See Burke, supra, 338 S.E.2d at 501*. Thus, as there was sufficient evidence in the record from which a fact-finder could conclude that there was a rational basis for Georgetown's decision to dismiss Alden, the trial court did not err in granting summary judgment in favor of Georgetown. *See Doe, supra, 780 F. Supp. at 631*; *Bilut, supra, 645 N.E.2d at 543*. [11] *Cf. Frabotta v. Meridia* 1112 *Huron Hosp. Sch. of Nursing, 102 Ohio App. 3d 653, 657 N.E.2d 816, 818 (Ohio Ct. App. 1995)* ("The purpose of judicial relief is to assure the student fair treatment, and not for the court to reweigh or reevaluate the grades or the basis of the dismissal.") (citations omitted).

The existing case differs from the preceding citations since the Petitioner maintained a GPA of 3.76, while attending the Respondent's university. There was no notification she violated any policy, procedure, and/or rule as a graduate student. The denial of readmission stems from the lack of progress, wherein Petitioner is given an opportunity to complete the graduate studies over a period of eight (8) years. See 2003 Doctoral Handbook See *Graduate School of Education and Human Development, Phase 2: Candidacy, Dissertation Research Proposal: Plan for Adding to Knowledge at pg. 18*.

The Respondent's dismissal of Petitioner fails to account for her past efforts, and ability to maintain the minimum standards it established as a graduate student. While the Petitioner attempted to pay her fees for re-admission the Respondent rejected all efforts. The determination of the circumstances despite the impressive GPA certainly warrants an ongoing process through a lawsuit to assist the Court in properly assessing whether the Respondent's dismissal of Petitioner was indeed warranted.

Petitioner's relief appears limited to the action herein as no adequate remedy at law is damages remain uncertain. The Petitioner has expended an amount of money, performed on an ongoing successful basis with an impressive GPA, yet has been denied re-admission from the university without an opportunity to have a committee as in *Alden* hear the dismissal issue. Moreover, the Respondent's own Graduate Handbook permits the graduate students, such as the Petitioner, to complete the program over a period of eight (8) years. *Graduate School of Education and Human Development, Phase 2: Candidacy, Dissertation Research Proposal: Plan for Adding to Knowledge at pg. 18*.

### Conclusion

Based upon the foregoing, Petitioner requests the Court overrule the Motion to Dismiss as the standard concerning the sustainable pleading permit the ongoing litigation of the matter, and the issue concerning deference to Respondents has not been fully determined as no facts have been submitted into evidence by way of discovery for the Court to properly conclude whether Petitioner's removal warrants its intervention.

Respectfully Submitted,


S/Aaron G. Durden
Aaron G. Durden, #492021
10 West Monument Avenue
Dayton, Ohio 45402
(937) 461-9400
Attorney for Petitioner/
Yu-Yi Chien

## Certificate of Service

A copy of the foregoing has been served upon the Attorney for the Defendant/Respondent, Thomas B. Smith, Associate General Counsel, The George Washington University, 2100 Pennsylvania Avenue, NW, Washington, D.C., 20052, by electronic mail on this 7th day of May, 2008.


S/Aaron G. Durden
Aaron G. Durden
Attorney for Petitioner

The GW Graduate School of Education and Human Development
committee's guidance only after making that effort.

Time management is important in dissertation work. Since there are few specific deadlines, it is easy for candidates with jobs and families to let dissertation work slide to the "next" week. It is almost impossible to predict how long it will take to develop a good dissertation research proposal. A schedule for the data collection and analysis is more feasible. The time needed to write the dissertation is also dif ficult to predict.

Appendix B lists additional dissertation resources. It includes more than a dozen books on dissertation proposal-writing, dissertation research, and dissertation writ ing that might prove useful if you are looking for additional guidance on specific matters. You should understand, however, that the requirements for a dissertation vary among universities, among colleges and schools within universities, and among faculty members within a given school. Some of the advice from these sources may contradict the policies of GSEHD or the judgements of your disser tation committee chair and members. When unsure, check in this handbook for the GSEHD policies and check with youi committee about their expectations and judgments.

There are three major phases of dissertation work: developing the dissertation pro posal, conducting the research and wri4ng the dissertation, and defending the dis sertation.

DISSERTATION RESEARCH PROPOSAL:
PLAN FOR ADDING TO KNOWLEDGE
PHASE 1: Precandidacy      PHASE 2: Candidacy
Program
Course
Comprehensive
Disserta
'ion. Dissertation
Dissertation
Planning
of Study
Examination
Propo   Research
Defense

Now you are to apply your accrued knowledge and skills to the development and conduct of an original research project. Dissertation work is multifaceted and com plex.

The proposal is an important document, not only for you and your committee, but also for the research community and the University It demonstrates your under standing of the theory and research associated with your research problem and your ability to apply that understanding to a plan of inquiry that can expand knowl edge of the field. The candidacy phase provides an opportunity for you to create a proposal that reflects the dialogue built between you, your chair, and your com mittee members.

Successfully defending your dissertation proposal provides evidence that you and the committee have arrived at a sound methodology that will address worthwhile research questions. The proposal forms a working plan that can be used by you and the committee to guide the research, to progress, and to provide ongoing feedback.

18

ation

I
I I
I
2003 Doctoral Handbook