IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YU YI CHIEN,

    Plaintiff,

v.

THE GEORGE WASHINGTON UNIVERSITY,

    Defendant.

Civ. No. 08-486-RMU

**REPLY BRIEF
IN SUPPORT OF MOTION TO DISMISS**

The George Washington University ("GW") submits this Reply in response to the Opposition filed by plaintiff to GW's Motion to Dismiss under Rule 12(b)(6).

**Argument**

Ms. Chien has not asserted a claim that is plausible. Her Complaint does not allege facts that suggest she could prevail, and the facts it does allege show she cannot. The Complaint should be dismissed.

1.    In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the Supreme Court emphasized that a plaintiff must articulate a claim that is plausible, and provide "enough factual matter (taken as true) to suggest" that it is well founded. *Id.* at 1965. If a plaintiff fails to do so, her complaint should be dismissed "at the point of minimum expenditure of time and money by the parties and the court." *Id.* (citations and quotations omitted).

2.    As Ms. Chien acknowledges, courts defer to the judgment of university administrators when they have determined that "a student has not performed adequately

to meet its academic standards." Opp. 4. *See Regents of the University of Michigan v. Ewing,* 474 U.S. 214, 225 (1985) (courts intervene only when "person or committee responsible did not actually exercise professional judgment"); *Allison v. Howard University,* 209 F. Supp. 2d 55, 61 (D.D.C. 2002) (courts "ill equipped to evaluate academic performance") (citing and quoting *Board of Curators of the University of Missouri v. Horowitz,* 435 U.S. 78, 92 (1978)). Ms. Chien further acknowledges that GW's administrators dismissed her because of her "failure to make acceptable progress towards [her] dissertation." Opp. 1. Yet she ignores the fact that to obtain mandamus relief she would have to show a "clear and indisputable" right to reinstatement at GW – contrary to the judgment of those same administrators. *In re Cheney,* 406 F.3d 723, 729 (D.C. Cir. 2005). Nothing in her Opposition – or her Complaint – suggests that she could meet that requirement.

      3.     Ms. Chien says that "no formal hearing, or other measure to properly determine if [her] progress occurred consistent with [GW's] own policy and procedures." Opp. 2. This allegation is conclusory and baseless. Nowhere in her Complaint does Ms. Chien identify any such "policy and procedures," the rights they allegedly conferred on her, the way in which GW supposedly violated them, or any other facts suggesting that this allegation might be well founded. *See Twombly,* 127 S. Ct. at 1965. "[E]even accepting [her] factual allegations as true and drawing all reasonable inferences in her favor, bald assertions and conclusory allegations claiming that the University's rules or procedures were not followed, do not state a valid claim." *Ward v. New York University,* 2000 U.S. Dist. LEXIS 14067, *15 (S.D.N.Y. 2000) (citing cases) (dismissing student's claim for wrongful dismissal under Rule 12). Like the plaintiff in *Twombly*, who made

only a "conclusory allegation of [an] agreement" violating antitrust law, Ms. Chien "does not supply facts adequate" to avoid dismissal of her claim. 127 S. Ct. at 1966.[1]

4.  Ms. Chien also asserts that her "dismissal claimed [she] engaged in certain acts of insubordination toward respondent's faculty, as well as an inability to further the dissertation process." Opp. 2. Yet, as GW explained in its Motion to Dismiss, Ms. Chien's allegation about "insubordination" is undermined entirely by the letter from GW's chief academic officer on which she relies to support it. *See* Compl. ¶ 4 & Ex. 1. That letter, incorporated into the Complaint, makes clear that GW dismissed Ms. Chien for the singular reason that she failed to meet the University's academic standards, despite being granted repeated opportunities to do so, and despite receiving extensive guidance from GW faculty. *Id. See Chandamuri v. Georgetown University,* 274 F. Supp. 2d 71, 78 (D.D.C. 2003) (student's claim dismissed under Rule 12 because allegations were "unmistakably contradicted by the [university] documents referenced in his complaint"); *see also Trudeau v. FTC,* 456 F.3d 178, 193 & n.31 (D.C. Cir. 2006) (dismissal under Rule 12 appropriate where material attached to complaint undermines claim); *Adusumilli v. Illinois Institute of Technology,* 1999 U.S. App. LEXIS 17954, *4-5 (7th Cir. 1999) (claim of "unfair grades" dismissed under Rule 12 because complaint discloses reasons why plaintiff was "not performing up to the expectations of [her] teachers," and "great deference" afforded to schools' academic decisions).[2]

---

[1] To the extent Ms. Chien is arguing that she had an "inherent" right to a formal hearing before her dismissal was finalized, *see* Opp. 4-5 (discussing *Alden v. Georgetown University,* 734 A.2d 1103 (D.C. 1999)), she is wrong as a matter of law. *See Horowitz,* 435 U.S. at 86-88 (no formal hearing required before student dismissed for academic reasons); *cf. Alden,* 734 A.2d at 1106 (upon dismissal student invoked appeal process "permitted by Georgetown policy").

[2] The allegation about "insubordination" is also of no importance legally, since even if it were true (which it is not), it would not alter the fact that GW dismissed Ms. Chien through an actual exercise of professional judgment based on factors relevant to her fitness for doctoral study. *See Horowitz,* 435 U.S. at

5.       Ms. Chien also tries to add two new allegations to her claim.  Leaving aside that such extra-pleading allegations should be ignored, *see Havens v. Patten Boggs LLP,* 2006 U.S. Dist. LEXIS 42910, *15 n.8 (D.D.C. 2007), neither adds any "heft" to her claim or saves it from dismissal.  *Twombly,* 127 S. Ct. at 1966.

a.       The first of these assertions is that Ms. Chien was not "notified" that she had violated any GW policy or rule before she was dismissed.  Opp. 2, 5.  This allegation, however, is squarely contradicted by the letter Ms. Chien incorporates into the Complaint.  As stated there, Ms. Chien was repeatedly warned that her lack of progress in developing an acceptable dissertation proposal was jeopardizing her participation in the GSEHD doctoral program.  In fact, as stated there, Ms. Chien was first warned in August 2005 about her failure to progress, and then given a second warning in August 2006, at which time she was given a deadline to perform.  *Id.*  It was Ms. Chien's failure to meet that deadline that led to her dismissal.  *Id.  See Chandamuri,* 274 F. Supp. 2d at 78 (dismissing claim contradicted by defendant's documents referenced in complaint).

b.       The second new allegation is that GW dismissed Ms. Chien for lack of progress on her dissertation even though GW policy allowed her "an opportunity to complete her graduate studies over a period of eight (8) years."  Opp. 5, 6.  This argument misstates GW's policies.  The Doctoral Handbook, which Ms. Chien referenced in the Complaint, and which GW attached to its motion, states that the "doctoral dissertation must be written and defended within eight years from the time of admission to the doctoral program."  *See* Motion to Dismiss, at 9 & n.5; *id.* Ex. 1.  Yet Ms. Chien

---

91 n.6 (deference due to dismissal based on student's hygiene and tardiness, in addition to academic nonperformance, because factors relate professional fitness); *see also Adusumilli,* 1999 U.S. App. LEXIS 17954, *4-5 (allegation that "bad grades" were retaliatory not deprive school of deference because complaint revealed legitimate academic reasons for marks given).  Nor would it do anything to establish that Ms. Chien had a "clear and indisputable" right to readmission.  *See Cheney,* 406 F.3d at 729.

never reached the stage of writing, much less defending, her dissertation, because she was never able to develop an acceptable dissertation proposal. Compl., Ex. 1 at 1. Ultimately she was given a deadline to do so, which she failed to meet, which resulted in her dismissal, and which was consistent with GW policy. *See* Doctoral Handbook, at 19 ("[t]o move successfully through the dissertation process, you must take responsibility to meet deadlines agreed upon by with your committee"). *See also Chandamuri,* 274 F. Supp. 2d at 79 (student claim for wrongful suspension based on misreading of school's sanctioning guidelines dismissed with prejudice under Rule 12(b)(6)).

      6.    Finally, Ms. Chien appears to suggest that testing the sufficiency of her Complaint should wait until summary judgment. Opp. 4-5. While student challenges to academic decisions are often resolved at that time, *see Allison,* 209 F. Supp. 2d at 56, nothing requires a case to be prolonged to that stage if the complaint itself shows the claim is not plausible. *See Twombly,* 127 S. Ct. at 1965 (case should be resolved at "point of minimum expenditure of time and money by the parties and the court").

      a.    That is precisely the case here: the allegations in the Complaint, including the letter from GW's chief academic officer incorporated by reference, make clear that Ms. Chien's dismissal was based on academic considerations, following a careful review of her circumstances, and in an exercise of experienced, professional judgment. That fact is fatal to her case, and Ms. Chien cannot overcome it.

      b.    In other cases, where plaintiffs have not stated plausible claims for relief from academic decisions, courts have not hesitated to dismiss under Rule 12. *See, e.g., Adusumilli,* 1999 U.S. App. LEXIS 17954 at *4-5 (claim of "unfair grades" dismissed under Rule 12(b)(6) because complaint alluded to valid reasons for grades); *Chandamuri,*

274 F. Supp. 2d at 79 (claim that plagiarism sanction violated university's "established policies and procedures" and was "unduly harsh" dismissed with prejudice under Rule 12(b)(6) because allegations contradicted by university documents referenced in complaint and because student misinterpreted university rules); *Ward,* 2000 U.S. Dist. LEXIS 14067, at *6-16 (claim of "arbitrary and capricious" dismissal, based on allegation that student "had maintained a 'good GPA' and had completed 75% of the required credits" in her course work, dismissed for failure to state a claim); *Tobin v. University of Maine System,* 59 F. Supp. 2d 87, 95-96 (D. Me. 1999) (claim of unfair refusal to admit student to law school, based on allegation that school used "wrong" grade point average and ignored plaintiff's "life experiences," dismissed under Rule 12(b)(6)). The same result is warranted here. *See Sparrow v. United Airlines, Inc.,* 216 F.3d 1111, 1116 (D.C. Cir. 2000) (dismissal under Rule 12(b)(6) appropriate where facts alleged make clear relief impossible).

## Conclusion

For all the foregoing reasons, and those stated in GW's motion, the Complaint should be dismissed with prejudice.

    Respectfully submitted,

    <u>s/Thomas B. Smith</u>
    Thomas B. Smith
    D.C. Bar No. 412192
    Associate General Counsel
    The George Washington University
    2100 Pennsylvania Avenue, NW
    Washington, D.C.  20052
    Tel. (202) 994-6503
    Fax (202) 994-4640
    tbsmith@gwu.edu

    Counsel for Defendant
    The George Washington University

Date:   May 14, 2008